UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:02CR281(JBA) |
|---|---|---|
| v. | : | |
| RICHARD WILLIAMS | : | May 27, 2008 |

**GOVERNMENT'S RESPONSE TO MOTION TO REDUCE
SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)**

On March 31, 2008, the defendant Richard Williams moved this Court for a modification of his sentence pursuant to 18 U.S.C. § 3582(c).  *See* Docket # 35.  The defendant seeks to be re-sentenced based upon a change to the crack cocaine Guidelines that were passed by the Sentencing Commission on November 1, 2007.  The United States submits this memorandum in response to the defendant's request and respectfully submits that the Court should not issue an amended judgment or alter the defendant's incarceration term.

In this case, the defendant was sentenced to 120 months' incarceration, which was the mandatory minimum statutory term of incarceration.  The changes to the cocaine base guidelines that became effective November 1, 2007, and retroactive on March 3, 2008, do not impact this case and do not allow the Court to impose a sentence below the mandatory minimum term of incarceration set by statute.

**I.    BACKGROUND**

On March 4, 2003, the defendant pleaded guilty to distributing 50 grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack").  The parties stipulated in the plea agreement that the defendant's relevant conduct was 50-150 grams of cocaine

base and that a three level reduction for acceptance of responsibility was appropriate.[1]  Given that a mandatory minimum term of incarceration of 120 months applied, *see* 21 U.S.C. § 841(b)(1)(A)(iii), the defendant's controlling sentencing range was 97 to 121 months of imprisonment.  On May 30, 2003, this Court imposed the statutorily mandated minimum term of imprisonment – 120 months.  *See* Judgment [docket # 31]; *United States v. Kinder*, 64 F.3d 757, 758 (2d Cir. 1995) (a sentence cannot be lower than a statutorily required mandatory minimum term of imprisonment, no matter what the Guidelines range).  Mr. Williams was further ordered to serve a five year term of supervised release.  He is currently incarcerated in Mississippi, at FCI Yazoo City.

## II.   DISCUSSION

On November 1, 2007, the Sentencing Commission amended the cocaine base guidelines provided for under U.S.S.G. § 2D1.1(c).  The amendment in question is Amendment 706, effective November 1, 2007, which reduced the base offense level for most crack cocaine offenses.[2]  In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses.  The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses.  *See* U.S.S.G., Supplement to App. C, Amend. 706.

---

[1] As the United States noted in footnote 1 of its Sentencing Memorandum, the defendant actually sold 214 grams of cocaine base to a government informant.  But given the parties' agreement that the relevant conduct was 50 to 150 grams of cocaine base, the government stood by its agreement to a lower offense conduct level.  *See* Docket # 28.

[2] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range which included the mandatory minimum sentence. Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. *See* 21 U.S.C. § 841(b)(1)(B). Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses. At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more. That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36. At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams. That offense level now applies to a quantity of less than 500 milligrams.

Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.* The Court may act on this motion without the defendant's presence. U.S.S.G. § 1B1.10(a)(3)

clearly states that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." In addition, Fed. R. Crim. P. 43(b)(4) explicitly provides that a defendant "need not be present" when the proceeding involves a reduction of sentence under 18 U.S.C. § 3582(c). Likewise, given the rules and considering the burdens imposed on producing prisoners incarcerated within the Bureau of Prisons, the federal courts of appeal to address this issue have uniformly held that a defendant has no constitutional or statutory right to be present in connection with a motion filed under Section 3582(c). *See, e.g., Anderson v. United States*, 241 Fed. Appx. 625, 629 (11th Cir. July 18, 2007) (unpublished) ("Under Federal Rule of Criminal Procedure 43(b)(4), a defendant's presence at a § 3582(c) sentence correction proceeding is <u>not</u> required") (emphasis in original); *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000) (same; hearing not required); *United States v. Tidwell*, 178 F.3d 946, 948-949 (7th Cir. 1999) (same, noting that "a proceeding under 18 U.S.C. § 3582(c) is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution").

In this case, the defendant cannot gain any relief under 18 U.S.C. § 3582(c) because, as stated earlier, he was sentenced to a mandatory minimum sentence required by statute. The Sentencing Commission has not altered and cannot alter a statutory mandatory minimum sentence, and that mandate continues to apply. *See also* § 1B1.10, comment (n.1(A)) (affirming that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with this policy statement if . . . an amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . another statutory provision (e.g., a statutory mandatory minimum term of imprisonment.)"). Accordingly, as courts have consistently recognized, where a statutory mandatory minimum sentence is applicable, the

passage of a retroactive guideline amendment is irrelevant. *See, e.g., United States v. Dimeo*, 28 F.3d 240, 241 (1st Cir. 1994); *United States v. Hanlin*, 48 F.3d 121, 124-25 (3d Cir. 1995); *United States v. Pardue*, 36 F.3d 429 (5th Cir. 1994); *United States v. Marshall*, 95 F.3d 700, 701 (8th Cir. 1996); *United States v. Mullanix*, 99 F.3d 323, 324 (9th Cir. 1996); *United States v. Smartt*, 129 F.3d 539, 542 (10th Cir. 1997); *United States v. Eggersdorf*, 126 F.3d 1318, 1320 (11th Cir. 1997).

### III.    CONCLUSION

The United States respectfully submits that, pursuant to 18 U.S.C. § 3582(c), the Court cannot alter its sentence in this case. The defendant was sentenced to a statutory mandatory minimum term of 120 months' incarceration, and the November 1, 2007 amendments to the crack cocaine guidelines did not alter or affect this statutory penalty.

    Respectfully submitted,

    NORA R. DANNEHY
    ACTING UNITED STATES ATTORNEY


     /s/ EDWARD CHANG
BY:   EDWARD CHANG
    ASSISTANT UNITED STATES ATTORNEY
    Federal Bar No. ct26472

FOR:  MICHAEL J. GUSTAFSON
    ASSISTANT UNITED STATES ATTORNEY
    Federal Bar No. ct01503
    450 Main Street
    Hartford, Connecticut  06103

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 27th day of May, 2008, I caused a copy of the foregoing Memorandum of Law to be sent by first-class mail, postage prepaid, to the following:

    Richard Williams
    Prisoner No. 14888-014
    FCI Yazoo City
    P.O. BOX 5000
    Yazoo City, MS 39194

    United States Probation Officer Michael P. Rafferty
    United States Probation Office
    450 Main Street
    United States District Court, Rm. 735
    Hartford, CT 06103

    Sarah A. L. Merriam
    Federal Public Defender's Office - NH
    265 Church St., Suite 702
    New Haven, CT 06510-7005

    /s/ EDWARD CHANG
    EDWARD CHANG
    ASSISTANT UNITED STATES ATTORNEY

    MICHAEL J. GUSTAFSON
    ASSISTANT UNITED STATES ATTORNEY