IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

RICHARD WILLIAMS,
    PETITIONER

2008 AUG -8 P 2: 29

VS.

CASE NO. 3:02CR281JBA

U.S. DISTRICT COURT
NEW HAVEN, CT

UNITED STATES OF AMERICA,
    RESPONDENT

PETITIONER'S MOTION FOR REDUCTION/MODIFICATION
OF SENTENCE PURSUANT TO SECTION 3582(c)(2)
RELATIVE TO AMENDMENT 706 OF THE SENTENCEING
GUIDELINES AND ITS RETROACTIVE APPLICABILITY

COMES NOW the Petitioner, Richard Williams, hereafter referred to as Petitioner, proceeding in pro-se and pursuant to 18 U.S.C. § 3582(c)(2) of the Federal Rules of Criminal Procedure, respectfully petitioning this Honorable Court, who has sole discretion in the matter, for entry of a ORDER modifying and, thus, reducing the term of imprisonment imposed in the instant cause (120 months plus 60 months supervised released) based on the Sentencing Commission's retroactive application of Amendment 706 dealing with the base offense level for certain types and quantities of controlled substance; i.e., crack cocaine and/or cocaine base commonly known as crack cocaine.

This Court has lawful jurisdiction to decide this case on its merits and to render a sentence in conformity with the law pursuant to Amendment 706 of the United States Sentencing Guideline and the Sentencing Commission's decision, of December 11, 2007, to apply Amendment 706 retroactively, effective March 3, 2008.

STATEMENT OF THE RELEVANT FACTS

1. On March 4, 2003 this Court, after a determination of guilt had been established against Petitioner, imposed a term of imprisonment upon Petitioner of 120 months and 60 months of Supervised Release for        to Distribute (50) grams or more of Crack Cocaine;(Base) Cocaine.

2. Petitioner is currently serving the incarcerated portion of the sentence in the Federal Correctional Facility located in the County of Yazoo; FCC Yazoo City, P.O. BOX 5000; Yazoo City, Ms. 39194.

3. Petitioner's term of imprisonment has not previously been reduced by this, or and other, Court based on the instant Amendment 706.

4. Petitioner's offense conduct **does not** involve any violence, and Petitioner qualifies for the Court to consider reducing the term of imprisonment in the Court's discretion.

## AMENDMENT 706

On May 1, 2007, after much debate and discussion, the Sentencing Commission made proposed Amendments to the U.S. Sentencing Guidelines that were sent to the United States Congress for consideration and approval. Among the proposals was Amendment 706, which addressed the disparities between powder and crack cocaine, and issue deemed to have been long deserved in order to meet the "intent" initially observed by the Sentencing Commission as well as the U.S. Congress. That is, it was **only** the intent of lawmakers, that a Sentencing Guidelines be established that would require those convicted for a certain amount of [either] crack cocaine [or powder cocaine] to be given a **mandatory minimum** term of imprisonment. However, because the former Sentencing Guideline' base offense level **exceeded** the scope and purpose of the lawmaker' idea for **mandatory** provisions, the Sentencing Commission, and thus, the U.S. Congress, has, as of November 1, 2007 and December 11, 2007, clarified and rectified the initial intent and purpose for the establishment of a **mandatory** provision based on a particular type and/or quantity of controlled sustance(crack cocaine).

## ADDITIONAL GROUNDS FOR THE COURT
## TO MODIFY/REDUCE THE SENTENCE

As a preliminary matter, it is significant to note, however, that it has come to the attention of Petitioner that in times gone past, the concept of determining "eligibility-qualification" for a reduction in the the term of imprisonment based on the retroactive application of an Amendment was centered on the proposition of whether or not the **"sentence"** previously imposed fell within the "reduced range" rather than whether the Amendment **"lowered the range,"** this confusion has previously generated the denial of relief to those otherwise eligible for

2.

consideration based on a factor inapplicable. For those reasons, Petitioner has gone at lengths to explain this position below.

A. LOWERING OF GUIDELINES RANGE VS. GUIDELINE SENTENCE:

Petitioner suggests that this Court has broad discretion in fashioning a sentence upon re-sentencing, should the Court determine to invoke its discretion to reduce Petitioner's sentence pursuant to the retroactive Amendment 706. Firstly, however, §1B1.10 of the Sentencing Guidelines provides guidance in assessing to whom the court may consider eligible to receive a reduction in their sentence due to Amendment 706. Under §1B1.10(a)(1), it states in relevant par that:

> "[A]ny such reduction in the defendant's term
> of imprisonment shall be consistent with this
> policy statement."

Additionally, subsection (a)(2) of §1B1.10 states as follow:

> **Exclusions-** A reduction in the defendant's term of imprisonment
> is not consistent with this policy statement and therefore is
> not authorized under 18 U.S.C. §3582(c)(2) if-(A) none of the
> amendments listed in subsection (c) is applicable to the
> defendant; or (B) an amendment listed in subsection (c) does
> not have the effect of lowering the defendant's applicable
> guideline range."

Finally, subsection (a)(3) of §1B1.10 states that:

> **Limitation-** consistent with subsection (b), proceeding under
> 18 U.S.C. § 3582(c)(2) and this policy statement do not
> constitute a full resentencing of the defendant."

Because Amendment 706 falls within the ambit of §1B1.10, there can be no dispute concerning its retroactive application. Additionally, because Amendment 706, as applied to §1B1.10(a)(2)(B), applies to the Petitioner, it is Petitioner's request that the Court would reduce the term of imprisonment from 120 months to a non-guideline sentence of 98 months. Specifically, Petitioner's applicable guideline range, prior to Amendment 706, was calculated as being 120 months. Amendment 706 "has the effect of lowering [Petitioner's] applicable guideline range" from 98-121 to 78-97 months imprisonment.

While it may appear, at first blush that the Court is not authorized, under §1B1.10(a)(2)(B), to reduce Petitioner's sentence by virtue of the fact that Petitioner's sentence, even under the Amendment, could still be imposed; that is,

3.

the same sentence falls within the "amended range," that argument fails in light of the plain language of §1B1.10(a)(2)(B).

As with the statutes created by the Congress, **every word** has meaning, and the Courts have consistently held true to that phrase in interpreting laws. With this in mind, in determining whether Petitioner qualifies for a reduction in the sentence, one must consider the clear or unambiguous term or words used by the rule/law makers. Here, the words used in § 1B1.10(a)(2)(B) makers clear that:

> "[Any, defendant whose applicable guideline range **has the effect of being lowered** qualifies for a reduction in their sentence]."

It is critical to note, however, that §1B1.10(a)(2)(B) clearly states, in relevant part, **"have the effect of lowering the defendant's applicable guideline range."** Sentencing Commission, and thus the Congress, did not say Amendment 706 "had to 'remove the defendant's current sentence' from the amended guideline range in order to be eligible for a reduction." It only requires that the Amendment **"HAVE THE EFFECT OF LOWERING THE GUIDELINE RANGE."** In order to lower a guideline range, any portion of the original guideline range altered by the Amendment, to the benefit of the recipient, meets the requirements of § 1B1.10(a)(2)(B) in that it **"have the effect, and does lower the guideline range."** Lowering a guideline range does not mean that the sentence originally imposed must be excluded from the amended range. To draw such a conclusion would "add to" the plain language of §1B1.10(a)(2)(B). That fact, the lowering of the guideline range from 98-121 to 78-97 clearly demonstrates that the "range" has been lowered, and that the Petitioner's sentence is affected by the change. Therefore, the fact that Petitioner's current sentence may, under the amended guideline, fall **"within"** that amended range, is of no consequence. Amendment 706 does not target whether the Petitioner's current sentence would fall within the amended guideline range; but rather, whether the Amendment have the effect of lowering [any portion of] the defendant's applicable guideline range. Because, in this case, it does lower Petitioner's range from 121 months on the **low-end** of the guidelines to being 78 months on the **low-end** of the amended

4.

guideline range, this aspect is satisfied and the Court is authorized under 18 U.S.C. § 3582(c)(2) and §1B1.10(a)(2)(B) to reduce Petitioner's sentence.

B. COURT"S AUTHORITY TO IMPOSE NON-GUIDELINE SENTENCE:

Petitioner has asked this Court to resentence him to a non-guideline sentence of 98 months imprisonment and to modify the term of Supervised Release to 36 months(or three years). This Court has authority to do so pursuant to U.S. v. Hicks, 472 F.3d 1167 (9th Cir. 2007); Kimbrough v. U.S., No.06-6330, decided December 10, 2007; and Gall v. U.S., No.067949, decided December 10, 2007.

In U.S. v. Booker, 543 U.S. 220, 245-46, 125 S.CT. 738, 160 L.Ed.2d 621 (2005) the Supreme Court abolished the mandatory application of the Sentencing Guidelines in all contexts. (Id., at 226, 125 S.Ct. 738)(holding that a mandatory system is no longer an open choice")(534 U.S. at 263, 125 S.Ct. 738).

As explained, in full detail, by Hicks, supra, Booker's only basis, in this Motion, is to demonstrate that this Court is not bound by the Sentencing Guidelines upon a resentencing pursuant to § 3582(c)(2). Here, as in Hicks, the Petitioner does not rely upon Booker to reduce his sentence. Petitioner's reliance is based upon 18 U.S.C. § 3582(c)(2) as applied to retroactive Amendment 706. What Petitioner does argue, respectfully, is that, as in Hicks should this Court decide to reduce his sentence under the Amendment, this Court may impose a non-guideline sentence without exceeding its authority. This is so, however, as explained in Hicks, "[b]ecause a mandatory system is no longer an open choice...district courts are necessarily endowed with the discretion to depart from the Guidelines when issuing new sentence under §3582(c)(2)." (Id.. at 1170). The Federal Court has the authority to impose a non-guideline sentence upon resentencing pursuant to §3582(c)(2). This was made clear in Kimbrough, supra, where the Court held that:

> "This Court's remedial opinion in U.S. v. Booker, 543 U.S. 220, 244 (2005), instructed district courts to read the United States Sentencing Guidelines as "effectively advisory," id., at 245. In accord with 18 U.S.C. §3582(a) the Guidelines, formerly Mandatory, now serves as one factor among several courts must consider in determining an appropriate sentence."

The Court went on to say that:

> "The judge may determine, however, that, in the particular case, a within-Guidelines Sentence is "greater than necessary" to serve the objectives of sentencing."

Without question, the Supreme Court's decision in Kimbrough, supra, is in harmony with Hicks, supra, which defines this Court's proper authority to impose a non-guideline sentence so long as this Court complies with §3553(a). After considering the §3553(a) factors, this Court concludes that the within-Guidelines sentence, under the amended guideline range is "greater than necessary" to serve the objective of sentencing, the Court is free to impose any non-guideline sentence, or a lower guidelines sentence than reflected in the once mandatory, now advisory, Sentencing Guidelines. See. also, Gall, supra, in which the Supreme Court, on December 10. 2007, again made clear that the Sentencing Guidelines does not limit [this] Court's power to deviate from the advisory guidelines and to apply a non-with-Guidelines sentence.

C.  CONSISTENCY WITH APPLICABLE POLICY STATEMENT:

In Hicks, supra, the Court of Appeals carefully delineated the applicable factors to demonstrate that applying [a non-guidelines sentence] is consistent with the Policy Statements set forth in USSG §1B1.10(b), §1B1.10, app n. 2, and §1B1.10 cmt. backgroud.

There the Court explained that.

> "[N]one of these policy statements [are] applicabe to the question of whether, after Booker, a court can go below the Guidelines' minimum when modifying a sentence under § 3582(c)(2). Further, even if they are read to address this question, they do not prohibit the application of the Guidelines in an advisory fashion. Finally, under Booker, to the extent that the policy statements would have the effect of making the Guidelines mandatory (even in the restricted context of § 3582(c)(2)). **they must be void.**"

The Court reasoned that the portion of the USSG § 1B1.10(b), application note 2 (holding that "[a]ll other guideline application decisions remains unaffected"), [can not survive Booker]. Hicks, at 1172. The Court further reasoned that:

> "The policy statements are silent on the manner in which the modified ranges should be used. As they were enacted pre-Booker, they assume a mandatory Guidelines regime, but this assumption does not provide a statuory reason to treat them as mandatory when the rest of the guidelines are now advisory."

(Id., at 1172-73). In light of Booker, the Hicks court also rejected, out of hand, the Government's argument that USSG § 1B1.10 "does not authorize a reduction in any other component of the sentence [other than the two levels]." That assumption, too, would tend to invalidate Booker. See. Hicks, at 1172.

Significantly, however, as noted by Hicks, "Congress has done nothing to undermine the conclusion [that Hicks' findings of fact and conclusions of law is incompatible with Congress' intent." As a matter of fact, Hicks was decided on January 11, 2007, long before Amendment 706, in which Congress could have amended before the November 1, 2007 deadline, had it determined that Hicks was wrongly decided, or otherwise, was not the way Congress would have wanted the provisions of § 3582(c)(2) to have been applied. By its silence on the issue regarding a district court's authority to apply a non-guideline range, after resentencing pursuant to § 3582(c)(2); it necessarily assumes the position that both the Sentencing Commission and the Congress intended district courts to posses the authority to impose a non-guidelines sentence upon resentencing pursuant §3582(c)(2). For the reasons stated above, Petitioner prays that this court would resentence him to the reduced non-guideline term of 98 months In addition to the above authority of this Court to impose such a sentence Petitioner would like to demonstrate why he believes the Court should impose the requested sentence of 98 months non guideline sentence

D  FURTHER BASIS FOR RELIEF

Under Booker supra the Court held that [this] court must consider the factors in § 3582 when fashioning a sentence for a defendant Petitioner believes that after considering said factors this court would determine that the sentence called for by the advisory guideline even under Amendment 706 is more than necessary to

7

accomplish the punishment for Petitioner's offense(s) of conviction, none of which resulted into financial loss to any victim, nor does the offenses(s) contain any violent behavior on behalf of the Petitioner.

Moreover Petitioner during his incarceration has made various accomplishment in a effort not only to demonstrate to society at large he worth of their trust but also to prove to his family and friends that he has changed his way of life for the betterment of mankind, to live honorably among his fellowmen and women, and to be a responsible and productive Citizen obeying the Laws by which we are governed.

Petitioner accepts fully the responsibility for his misfortune and his incarceration, pointing blame only unto Himself. Petitioner prays that this Honorable Court would exercise the authority vested in it to reduce the term of imprisonment imposed herein to the term requested so as to permit Petitioner to return to the society he departed but as a new creature. This Petitioner so humbly requests.

Date. 8/1/08

Respectfully submitted

Name Richard Williams

Richard Williams #14888-014
Federal Correctional Complex
P O BOX 5000   Unit 1AL
Yazoo City   Ms   39194